# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DIONTEZ JAMEL MOORE,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | Case No. 2:21-cv-08009-KOB |
| ) | 2:17-cr-00378-KOB- |
| **UNITED STATES OF AMERICA,** ) | SGC-1 |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION

This matter comes before the court on Diontez Jamel Moore's *pro se* "Motion to Vacate, Set Aside, or Correct Sentence" pursuant to 28 U.S.C. § 2255 (Cv. Doc. 1). Mr. Moore pled guilty on November 21, 2017 to conspiracy to distribute and to possess with the intent to distribute methamphetamine. (Cr. Docs. 1, 39).[1] The court later sentenced Mr. Moore to a prison term of 292 months on July 17, 2018. (Cr. Doc. 67). Mr. Moore's sentence included enhancements for (i) a leadership role in the conspiracy; (ii) obstruction of justice; and (iii) status as a career offender. (Cr. Doc. 81 at 32-33). After the Eleventh Circuit affirmed Mr. Moore's sentence, he filed this timely collateral challenge.

---

[1] Documents from Mr. Moore's criminal matter, case number 2:17-cr-00378-KOB-SGC, are designated "Cr. Doc. ___." Documents from Mr. Moore's § 2255 action, case number 2:21-cv-08009-KOB, are designated "Cv. Doc. ___."

1

Mr. Moore now collaterally attacks his conviction and sentence on two grounds. First, he argues that his counsel was ineffective in three respects, violating his Sixth Amendment right to counsel. Second, he argues that the court lacked jurisdiction to enhance his sentence under 21 U.S.C. § 851. The court liberally construes Mr. Moore's motion because he is proceeding *pro se*. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000).

Mr. Moore's claims of ineffective assistance fall far short of the standard articulated by the Supreme Court in *Strickland*, and Mr. Moore's objection to the sentencing enhancement is based on a factual error because the court did not enhance his sentence under 21 U.S.C. § 851. So, the court will deny Mr. Moore's motion on both grounds.

**I.     BACKGROUND**

While investigating a series of suspicious packages mailed from Arizona to Birmingham, Alabama, police attempted to stop a vehicle after witnessing two men pick up one of the packages shortly after its delivery and place it in their vehicle. The attempted traffic stop led to a high-speed pursuit that ended in a crash and the recovery of approximately 1,100 grams of plastic-wrapped methamphetamine from the car, whose occupants were Mr. Moore and his brother. Police also recovered Mr. Moore's iPhone, which contained text messages discussing shipping directions and payment arrangements for the seized methamphetamine. (Cr. Doc. 65 at ¶¶ 9-

15). A grand jury returned a three-count indictment against Mr. Moore, his brother (Daeshuan Moore), and Deron Lee Green related to trafficking methamphetamine. (Cr. Doc. 1). On November 21, 2017, Mr. Moore pled guilty to Count 1 of the indictment, a charge of conspiracy to distribute and to possess with intent to distribute 500 grams or more of methamphetamine; in exchange, the government dropped the other two counts. (Cr. Docs. 1, 39).

    A.    <u>Sentencing and Appeal</u>

The court held Mr. Moore's sentencing hearing on July 12, 2018, at which he was represented by Gregory J. Reid. *See* (cr. doc. 67). The presentence report included two enhancements of two points each to Mr. Moore's offense level for a leadership role in the conspiracy and for obstruction of justice. (Cr. Doc. 65 at ¶¶ 29-30). The presentence report also categorized Mr. Moore as a career offender based on predicate offenses for a "crime of violence" and a controlled substance offense because Mr. Moore had previously pled guilty to murder in September 2009 and to first-degree unlawful marijuana possession for other than personal use in October 2015. The career offender designation raised Mr. Moore's criminal history category from IV to VI pursuant to § 4B1.1(b) of the Sentencing Guidelines. (Cr. Doc. 65 at ¶¶ 37-42).

The court adopted the presentence report without change (cr. doc. 70 at 1), and sentenced Mr. Moore to 292 months' imprisonment (cr. doc. 67 at 2). The

Eleventh Circuit Court of Appeals affirmed Mr. Moore's sentence after he challenged the leadership role and obstruction of justice enhancements as well as the classification of his prior marijuana conviction as a predicate offense for designation as a career criminal, finding that Mr. Moore waived his right to appeal. *United States v. Moore*, 796 Fed. Appx. 643 (11th Cir. 2019) (per curiam).

    B.    <u>Habeas Case</u>

Mr. Moore filed his current habeas petition on March 16, 2021. (Cv. Doc. 1). The court ordered the government to show cause why it should not grant the petition on March 24, 2021, and the government filed its response on July 16, 2021. (Cv. Docs. 3, 10). The court subsequently notified Mr. Moore that it would treat his case as ripe for summary disposition and provided him the opportunity to submit any additional evidentiary materials or legal arguments for consideration by August 25, 2021. (Cv. Doc. 11). Mr. Moore did not submit any such additional materials.

## II.    LEGAL STANDARD

The Sixth Amendment to the United States Constitution guarantees every criminal defendant the right to the assistance of counsel. Under the Supreme Court's decision in *Strickland v. Washington*, a defendant's Sixth Amendment right is violated when (1) counsel's performance falls below an objective standard of reasonableness, and (2) the defendant suffers prejudice because of the

shortcomings in counsel's representation. *See* 466 U.S. 668, 684-91 (1984). A lawyer's performance, however, need not be impeccable to be effective; rather, it need only be within "the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. As a result, the question is not whether a criminal defendant had the best lawyer or even a good lawyer, but merely "whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) (quoting *White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992)). If counsel's performance was deficient, the defendant still must also show prejudice, *i.e.*, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### III. DISCUSSION

#### A. Sentencing Enhancement

As a threshold matter, Mr. Moore's argument that the court lacked jurisdiction to enhance his sentence under 21 U.S.C. § 851 is based on a factual mistake. Mr. Moore's prior criminal offenses did contribute to his sentence, but not through § 851. Instead, the court enhanced Mr. Moore's sentence by two points under the Sentencing Guidelines as a career criminal. The court expressly stated that it found "the prior conviction of murder plus . . . a conviction for other than personal use of marijuana qualifies for the [Sentencing Guidelines] chapter four

enhancement as a career offender." (Cr. Doc. 81 at 33). Moreover, the Eleventh Circuit affirmed Mr. Moore's sentence, including the enhancement he did receive under the Sentencing Guidelines, finding that he had waived his right to appeal. (Cr. Doc. 86-1). Because Mr. Moore's sentence was not enhanced under § 851, his arguments regarding § 851 are irrelevant.

### B.     Ineffective Assistance of Counsel

Mr. Moore's arguments as to the ineffectiveness of his counsel are somewhat ambiguous, but the court liberally construes them as presenting three ways in which Mr. Moore believes his representation was inadequate. The court addresses each component of the ineffective assistance claim in turn.

#### 1.     *Pretrial Witness Investigation*

Mr. Moore's first ground states: "During pretrial investigation [and] representation – REID [Mr. Moore's counsel], no actual investigation of witnesses, my brother unsworn, unsigned affidavit." (Cv. Doc. 1 at 4). The court construes this statement as an argument that Mr. Moore's counsel failed to investigate whether Mr. Moore's brother or any other potential witnesses could have come to Mr. Moore's defense. Mr. Moore's reference to his brother's affidavit stands on especially weak ground. At sentencing, the court found that the affidavit of Mr. Moore's brother, a co-defendant, was fraudulent. In fact, the court based Mr. Moore's enhancement for obstruction of justice partly on his urging his brother to

create the affidavit. *See* (cr. doc. 81 at 25-27, 32-33). Moreover, Mr. Moore's brother stipulated in his own plea agreement to his and Mr. Moore's role in the conspiracy: that Mr. Moore was present in the car from which the drugs were recovered, that the iPhone containing text messages coordinating drug transactions was Mr. Moore's, and even that Mr. Moore continued to organize drug transactions using prison phones after he was incarcerated. (Case No. 17-cr-378-KOB-SGC-2 Doc. 37 at 6-8). Given the falsity of the affidavit, Mr. Moore can neither fault his attorney for choosing not to use it nor demonstrate that he suffered prejudice from his counsel's choice.

Mr. Moore does not identify any other witness that an investigation would have revealed, either by name or description. Without alleging more concrete facts about steps his counsel should have taken but did not take and what results would have followed, Mr. Moore cannot satisfy either prong of *Strickland*. *See*, *e.g.*, *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (evidentiary hearing not required when movant's "claims are merely 'conclusory allegations unsupported by specifics'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). As a result, this component of Mr. Moore's ineffective assistance claim fails.

    2.    *Investigation of Prior Conviction*

The court discerns a second allegation in Mr. Moore's motion that Mr. Reid did not adequately investigate the circumstances of one of his prior convictions

based on the following statement: "REID did not investigate my my [sic] prior conviction record Ala. Code 13A-12-214, 215." (Cv. Doc. 1 at 4). The cited sections of the Alabama Code prohibits the possession and sale of marijuana, so the court understands Mr. Moore to be referring to his prior marijuana conviction and not his murder conviction. That Mr. Moore offers no specifics as to what Mr. Reid should have done is especially fatal to his claim because Mr. Reid *did* object to the treatment of the marijuana possession offense as a predicate offense for the career criminal enhancement. (Cr. Doc. 62).

In any case, as with his claim that Mr. Reid failed to investigate witnesses, Mr. Moore does not allege specific steps Mr. Reid should have taken or what Mr. Reid would have uncovered had he investigated further. Such conclusory allegations do not satisfy either prong of *Strickland*'s test for ineffective assistance of counsel, so this aspect of the claim fails as well.

    3.    *Failure to Oppose § 851 Enhancement*

Mr. Moore's motion argues that Mr. Reid "did not follow the procedures of 21 U.S.C. § 851(a)(1)(B) and (C)" and failed to "demand [a] copy of [the] information," instead allowing the court to "proceed as if the court had an information as mandated by federal law." (Cv. Doc. 1 at 4). As explained above, however, Mr. Moore misunderstands the basis of his sentencing. Because the court applied a career criminal enhancement under the Sentencing Guidelines based on

Mr. Moore's prior murder and possession of marijuana convictions, not a § 851 enhancement based solely on a prior drug conviction, the requirements of § 851 did not apply. Mr. Reid therefore had no basis to object based on the requirements of § 851, and Mr. Moore suffered no prejudice from the absence of such objections. This final component of Mr. Moore's ineffective assistance challenge accordingly fails.

## IV. CONCLUSION

Mr. Moore's motion presents no ground on which relief under 28 U.S.C. § 2255 is warranted. Most of Mr. Moore's motion and memorandum of law are devoted to attacking a sentencing enhancement that he did not in fact receive. His arguments that his counsel was ineffective to the point of a Sixth Amendment violation are unavailing because they offer no specifics as to what steps Mr. Reid failed to take or any reason to believe that Mr. Moore's proceeding would have ended differently had Mr. Reid discharged his duties differently. So, the court will DENY Mr. Moore's motion for relief under 28 U.S.C. § 2255.

**DONE** and **ORDERED** this 14th day of December, 2022.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE